## THE STATE, EX REL. BURNETT vs. TOWN COUNCIL OF CAHABA.

[QUO WARRANTO FOR FORFEITURE OF MUNICIPAL CHARTER.]

1. *When information does not lie.*—An information, in the nature of *quo warranto*, cannot be filed on the relation of a private citizen, to vacate the charter of a municipal corporation, (Code, § 2654,) on account of the passage of an unauthorized ordinance fixing the price of a license for retailing spirituous liquors at $1,000.
2. *Security for costs.*—When an information is filed, on the relation of a private citizen, he must give (Code, § 2655) security for the costs of the proceeding.

APPEAL from the Circuit Court of Dallas.

The record does not show the name of the presiding judge.

THE proceedings in this case were instituted by the solicitor of the second judicial circuit, in the name of the State of Alabama, on the relation of James T. Burnett, to declare a forfeiture of the charter of the town of Cahaba; 1st, on the ground of *non-user;* and, 2dly, on account of the passage by the corporate authorities of the town of an alleged illegal ordinance, fixing the price of a license for retailing spirituous liquors at $1,000. The court dismissed

· the information, at the costs of the relator, for want of jurisdiction; and its judgment is now assigned as error.

GEO. W. GAYLE, with whom was JOHN T. MORGAN, for the appellant.

PEGUES & DAWSON, and BYRD & PARSONS, *contra*.

STONE, J.—In the case of the State v. Moore & Ligon, 19 Ala. 514, this court decided, in a well considered and well sustained opinion, that informations in the nature of *quo warranto* can properly be filed, *ex officio*, only by the attorney-general; he being the representative of the State. See, also, Wallace v. Anderson, 5 Wheaton, 291.

It is not our purpose to deny to the legislature the right to authorize persons other than the attorney-general to institute such proceedings. No such *special* authority is claimed in this case; and it cannot be sustained on any principle of the common law. Let us inquire if it has any sanction in the statutes of this State. The Code (§ 2651) has no application to municipal corporations. Hence its provisions do not affect this case. Section 2654 gives a right of action in the following cases:

1. "When any person usurps, intrudes into, or unlawfully holds or exercises, any public office, civil or military, or any franchise within this State, or any office in a corporation created by the authority of this State.

2. "When any public officer, civil or military, has done or suffered an act, by which by law he forfeits his office.

3. "When any association, or number of persons, act within this State as a corporation, without being duly incorporated."

There can be no pretense that this case comes within the provisions of the first subdivision.

The only charge made against the intendant and council is, that they transcended their powers, in raising the cost of a retail license to one thousand dollars, and in inflicting fines and imprisonment on the relator.

Conceding, for the purposes of the argument, that the council went beyond the pale of their authority, yet there is nothing in the information which imputes to them

*willful abuse.* Admitting all that is charged to be true, we feel bound to attribute the excess to an error of judgment, rather than to corrupt usurpation. There is nothing in the act incorporating them, or in the general law, which authorizes us to vacate their offices for the error alleged; and, without intending to lay down any absolute rule as to what official misconduct would work a forfeiture by the intendant and council of their offices, we have no hesitation in declaring that a simple error of judgment can produce no such result.

It is not pretended that the town of Cahaba has not been "duly incorporated:" the averment is, that the franchise has been forfeited by *non-user.* We are relieved from the consideration of this question, by the act of the relator, endorsed on the record, "abandoning his prayer for the forfeiture of the charter."

Another fatal objection to this proceeding, instituted as it was on the relation of a private individual, is that no security for costs was given.—Code, § 2655.

Whether *quo warranto* is the appropriate remedy for vacating an invalid ordinance, we do not now determine. See People v. Hilsdale & Chatham T. Co., 2 Johns. 190; State v. Evans, 3 Pike, 585; Carroll v. Mayor of Tuskaloosa, 12 Ala. 173; Intendant & Council of Marion v. Chandler, 6 Ala. 899.

The judgment of the circuit court is affirmed.