THE PEOPLE EX REL. F. G. COCKRELL

v.

JAMES H. WYATT.

*Quo Warranto—Pleading—Not Remedy for Unlawful Acts of Officer—
Powers of Police Magistrate—Extent of Jurisdiction.*

1.   Upon a petition in a *quo warranto* proceeding, charging the defend-
ant with holding and exercising, without warrant in law, the office of
police magistrate and justice of the peace in East St. Louis, in St. Clair
county, this court holds that a plea, alleging in substance that defendant
was a duly elected and qualified police magistrate in the village of New
Brighton, in the same county of St. Clair, was good on demurrer.

2.   A police magistrate may lawfully exercise a part of the functions of
his office throughout the county in which he is elected.   If he exceeds his
authority the proper remedy is not by *quo warranto.*

[Opinion filed February 4, 1890.]

APPEAL from the City Court of East St. Louis; the Hon.
BENJAMIN H. CANBY, Judge, presiding.

The information charges that Wyatt, appellee, for the
space of twenty days now last past, and more, in the county
aforesaid, at, to wit, the city of East St. Louis, unlawfully
has held and executed, and still does hold and execute, with-
out any warrant or right whatsoever, the office of justice of
the peace or police magistrate in said city of East St. Louis,
of which said office said Wyatt, during all the time aforesaid,
at, to wit, the city of East St. Louis aforesaid, upon the said
people. has usurped and still does usurp, to the damage, etc.

Second count charges that said Wyatt unlawfully has held
and executed, and still does hold and execute without any
warrant or right whatsoever, the office of justice of the peace
in said city of East St. Louis, of which said office said Wyatt
during all the time aforesaid, in the county aforesaid, upon
the said people, has usurped and still does usurp, to the damage,
etc.

The People v. Wyatt.

Third count charges that said Wyatt for twenty days last past and more, in the county aforesaid, unlawfully has held and executed, and still does hold and execute the office of police magistrate in the city of East St. Louis, county and State aforesaid, of which said office said Wyatt, during all the time aforesaid, in the county aforesaid, upon the said people, has usurped and still does usurp, to the damage, etc.; prays the consideration of the court in the premises and for process against Wyatt, "to make him answer to the said people, by what warrant he claims to hold, exercise and execute the office of justice of the peace or police magistrate aforesaid."

To this information defendant filed an amended plea, setting up in substance that on June 26, 1888, there was a vacancy in the office of police magistrate for the village of New Brighton, in said county, caused by the removal of one Koester from said village, who had been elected to said office, and was holding and executing the same up to the time of such removal, which took place on March 1, 1888; that an election was called by the authorities of said village on that day to fill such vacancy; that at that time defendant was, and has continued to be a resident of said village, a citizen of the United States, and above the age of twenty-one years; that defendant was a candidate at such election and received a majority of the votes cast thereat for said office, and that the term for which he was elected will not expire until April 7, 1891; that within twenty days after such election, defendant filed his oath of office with the county clerk of St. Clair county, and also his official bond, which said clerk approved; that thereupon, on June 30, 1888, the governor of this State issued his commission to the defendant as such police magistrate, and defendant then took upon himself the duties of said office, and assumed the right to exercise the powers and functions thereof, and has held and maintained said office in said village ever since, as he well might and still may, under the warrant and by the authority aforesaid, without this, that defendant has usurped said office, or does now usurp the same, and this he is ready to verify.

A general and special demurrer to this plea was interposed, and the special causes assigned are :

*First.* That said amended plea is the same as. the former plea to which demurrer was sustained.

*Second.* That the information calls upon defendant to show by what authority he exercises the office of justice of the peace or police magistrate in the city of East St. Louis, county of St. Clair and State of Illinois, and the plea that he was elected police magistrate, in the village of New Brighton, in said county and State aforesaid, is not responsive, presents immaterial issue, amounts to *non usurpavit,* and presents no defense to the charge in the information. The court below held the plea good, and the people electing to abide by the demurrer, judgment was rendered for defendant and against the relator, for costs, whereupon this appeal was taken.

Messrs. MARTIN SCHAEFFER and F. G. COCKRELL, *pro se,* for appellant.

Messrs. HOLDER, FLANNIGEN & MILLARD, for appellee.

GREEN, J.   Counsel for appellant is right in the contention that the people in this proceeding are not called upon to prove the averments of the information, but that defendant must disclaim or justify. If, as in this case, he justifies, he must in his plea set out and specifically aver his title to, and by what warrant and authority he exercises the powers of the office he is alleged to have usurped, and the burden is cast upon him to prove the truth of his plea. Nor can he plead *non usurpavit.*

Tested by these rules was the plea good?

The record discloses that this amended plea was not the same as the former plea, to which a demurrer had been sustained; hence the first cause for demurrer to the amended plea was not well assigned; neither is the amended plea a plea which amounts to *non usurpavit,* nor does it cast any burden of proof upon the people, but concluding with a verification, it must be proven by the defendant. We hold the plea good also as responsive to the information and setting up a complete justification. The several counts in the information do

not charge defendant with claiming to be a justice of the peace, or police magistrate *of East St. Louis,* but with exercising the powers of a justice of the peace and police magistrate *in* the city of East St. Louis, in the county of St. Clair. He is charged with usurping the *office* of justice of the peace or police magistrate, and is called upon by the very words of the information, " to answer the said people by what warrant he claims to hold, exercise, and execute the office of justice of the peace or police magistrate aforesaid."

This amended plea by apt averments sets up and shows that long before the filing of the information, defendant had been lawfully elected, qualified and commissioned as police magistrate for the village of New Brighton, in St. Clair county; then took upon himself the duties of said office, and assumed the right to exercise the powers and functions thereof, and has held and maintained said office in said village ever since, as he well might, and still may, under the warrant and authority aforesaid. If this plea is true as it is admitted to be by the demurrer, defendant had lawful warrant and authority to " hold, exercise and execute the office of police magistrate " and was not guilty of usurping the same; as such officer his official powers and jurisdiction throughout St. Clair county was co-extensive with those of a justice of the peace, and certain of those powers he might lawfully exercise and certain official acts he might lawfully perform even in the city of East St. Louis, it being in St. Clair county; and if the defendant has unlawfully exercised any power, or done any official act in the city of East St. Louis which he had not the lawful right to do as police magistrate for the village of New Brighton, the law furnishes ample and appropriate remedy for such malfeasance, but not by *quo warranto.* That is a remedy employed to test the actual right to an office or franchise, but not to afford relief for official misconduct, and can not be employed to test the legality of the official action of public or corporate officers.    High on Ex. Rem., 2d Ed., Sec. 618; The People v. Whitcomb, 55 Ill. 176.

The demurrer to the amended plea was properly overruled and the judgment is affirmed.

*Judgment affirmed.*