## The People ex rel. C. E. Hay v. City of Springfield.

1. QUO WARRANTO—*When Not the Appropriate Remedy.*—Quo warranto is not the appropriate remedy to test the validity of a contract entered into by a municipal corporation. If the contract is invalid compliance with it may be enjoined.

2. SAME—*Where the Writ is not Grantable.*—The writ of quo warranto is not grantable when the party aggrieved can obtain full and adequate relief in the usual course of proceeding at law, or where the grievance can be redressed by a bill in equity.

Quo Warranto.—Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

PALMER & DRENNAN, H. S. GREENE and CONKLING & GROUT, attorneys for appellants.

LLOYD F. HAMILTON, SAMUEL P. WHEELER, JOHN C. SNIGG, and E. L. CHAPIN, attorneys for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This was an information in the nature of quo warranto, brought to test the validity of an ordinance adopted by the city council of the appellee city, which, as the appellant relator contends, if valid, constitutes a contract between the city and the Capitol Electric Company, whereby the city incurs the liability to pay the Electric Company $133.33 per annum for each of 300 arc lights to be furnished by the company to light the streets, alleys, public grounds, etc., of the city.

The city council is invested by pp. 7 and 9, Sec. 33, Art. 5, Chap. 24, R. S., entitled Cities, etc., with ample power to provide for the lighting of its streets, alleys, etc., and possession of such power is not challenged by the information, but the position of the relator is, and so it is averred in the information, at the time of the passage of the ordinance the aggregate existing indebtedness of the city exceeded five per centum of the assessed value of the taxable property

The People v. City of Springfield.

therein, as shown by the last assessment thereof, and for that reason the city could not lawfully, as against the provisions of Sec. 12, Art. 9, of the Constitution of 1870, contract to become indebted in an additional amount for the purpose of lighting its streets, alleys, etc.

The Circuit Court sustained a demurrer to the information, and the relator by this appeal brings that ruling of the court here for review.

We agree with the learned circuit judge that quo warranto is not the appropriate remedy. If the contract is invalid compliance with it may been enjoined.

The rule is, the extraordinary remedy by quo warranto is not grantable where the party aggrieved can obtain full and adequate relief in the usual course of proceeding at law or where the grievance may be redressed by bill in equity. High on Extraordinary Remedies, Sec. 617.

The same author declares (Sec. 689): "The courts will not entertain such informations for the purpose of interfering with or declaring void the legislative action of a municipal body, such as the common council of a city. The power being properly vested in such a body the court will not permit the use of this remedy to inquire into or challenge the manner in which the power has been exercised, nor is it within the legitimate scope of the proceeding by information to declare null and void legislative acts of such a municipal body."

The observations of the court in People v. Whitcomb, 55 Ill. 172, as to the office of the writ quo warranto, and as to propriety of invoking its use when the grievance may be restrained by injunction, are applicable to the contention at bar and support the general principle which we think warranted the Circuit Court in holding the information obnoxious to the demurrer.

It is, however, contended that the general principles hereinbefore announced do not obtain in Illinois as against our statute, which authorizes the employment of the writ quo warranto "where any corporation   *   *   *   exercised powers not conferred by law."

It is not here contended that the city exercised a power not conferred by law.

The power exercised was to provide for lighting its streets, alleys, etc., a power it confessedly possessed. The complaint is that in exercising that power an illegal contract was entered into to incur indebtedness beyond the constitutional limit.

It was not within legislative contemplation that the provision of the statute authorizing writs of quo warranto to issue should be availed of to test the validity of a contract which was a mere incident to the execution of a rightful power.

The judgment authorized by the statute to be rendered in a quo warranto proceeding is of ouster, or the assessment of a fine against the corporation, and is wholly inadequate and inappropriate to give relief against illegal indebtedness. We think nothing here ruled in conflict with the holding of the Supreme Court in People ex rel., etc., v. Board of Education, 101 Ill. 308.

There the board assumed power to exclude children of color from the public schools.

The court held the board did not possess such power and said, "Now, if the board, in the discharge of its duties as a corporation, exercises powers not conferred by law, it is apparent it will fall within the obvious meaning of the statute, and we are therefore clearly of the opinion the attorney-general had the right to file the information."

The question in the case at bar is not whether the city exercised a power it did not possess, but whether in the course of a rightful exercise of power, a contract was entered into which was not enforcible because it was in violation of a constitutional rule limiting the amount of indebtedness to be incurred by cities. Quo warranto is not and other remedies are, appropriate to secure a determination of that contention.

The judgment must be and is affirmed.