### The People, ex rel. Aaron Jackson, Appellee, v. John Bunyard et al., Appellants.

1. DRAINAGE—*what does not disqualify appointment as commissioner.* A person who is a landowner of the district is not thereby disqualified from appointment as a commissioner.

2. DRAINAGE—*what does not create vacancy in position of commissioner.* The failure of persons appointed as commissioners to give bond as required by statute before collecting and receiving money for the purposes of the district, does not *ipso facto* create vacancies.

*Quo warranto.* Appeal from the Circuit Court of Fayette county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the August term, 1908. Reversed and remanded with directions. Opinion filed March 4, 1909.

ALBERT & MATHENY, for appellants.

W. P. WELKER, E. B. SPURGEON and BROWN & BURNSIDE, for appellees.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This is a proceeding by information in the nature of a *quo warranto* at the relation of appellee, Aaron

Jackson, to oust the appellants from the office of drainage commissioners of the Fish Lake Levee and Drainage District in Fayette county. The appellants filed their plea in due form, to which a demurrer was filed by appellee and sustained by the court. Appellants excepted and elected to stand by their plea, whereupon the court rendered a judgment of ouster against each of the appellants, and that each of them be fined $1 and costs of suit. An appeal was prayed, allowed, and perfected to this court.

From the information and plea it appears that Fish Lake Levee and Drainage District was duly organized under the Act of 1879, and amendments thereto; that the relator, Aaron Jackson, appellee, owned land subject to assessment in said district; that appellants, John Bunyard, U. A. Winter and J. W. Crabtree, were appointed by the County Court drainage commissioners for said district; that the said commissioners took the oath of office as required by law and proceeded in the performance of duties prescribed by the statute; that each of the appellants, Bunyard and Winter, owned land in the district, but that appellant Crabtree, did not; that appellants faithfully and duly applied all moneys received and reported to the County Court as the law required; that up to the time of filing the petition herein, the appellants failed and neglected to file the bond required by section 32, chapter 42, Rev. Stat.; that soon thereafter, and long before this cause came on for hearing, they filed the required bond which was approved by the County Court.

Two questions are made by the pleading, and presented in the record before us. First, were the appellants "competent persons" within the meaning of the statute which authorizes the appointment of drainage commissioners for the district in question? And second, did the failure of appellants to file the bond required by section 32 of the statute operate *ipso facto* to create a vacancy, in the office to which they were appointed?

Under the first contention, it is contended by appellee that appellants being landowners in the district were thereby disqualified to "spread an assessment of benefit upon the lands in the district" which is a duty imposed by law upon the drainage commissioners, and, therefore, that they were not "competent persons," eligible to appointment by the County Court. This contention is based upon a recent decision of the Supreme Court (Union Drainage District v. Smith, 233 Ill. 417), wherein it was held by a divided court, that it is ground for special objection to an assessment, that the commissioners own land in the district, for the reason, as stated by the court, they are personally interested in the assessment. But, in that case, it is expressly held that to avail, the objection must be made before confirmation of the assessment, else the objection will be waived. It is not said in the opinion, that a landowner is not competent for the office of commissioner, nor is there intimation or inference that his appointment is unauthorized. That commissioners who are landowners in the district may make a legally valid assessment, unless a special objection is interposed, is the conclusion of the Supreme Court in the Smith case, and nothing is to be inferred from that opinion that invalidates or annuls the appointment of the appellants in this case. In Scott v. People, 129 Ill. 134, this question was before the court, the objection under consideration being, that to permit landowning commissioners to pass upon the question of enlarging the district, would be to have the matter determined by an interested tribunal. In language that is pointed and applicable in answer to much that is said in argument by counsel upon a like contention here, the court says: "to a limited extent this is true, but it does not therefore follow that the decision of the question, when made, would not be binding. In matters of mere local concern, which are of a public or *quasi* public character, this, in many cases, cannot be avoided without great inconvenience. It is everyday's experi-

ence for property owners in small villages to sit as
jurors in corporation cases for recovery of penalties
under ordinances, and yet we presume there are few
who would now question their right to do so, on the
ground of interest.  So township and county officers
are constantly in the habit of making up and auditing
their own accounts for services to the public, and no
one, we presume, questions the validity of their acts
on that ground.  *  *  *  To hold this objection
good, would strike at the very foundation of the whole
drainage system."  The authority and qualifications
of drainage commissioners who were interested as
landowners in proceedings to annex territory was
challenged in the case of The People ex rel. v. Cooper,
139 Ill. 461.  It was contended in that case, that by
reason of their interest as landowners, the commis-
sioners were disqualified to act, and therefore, that the
whole proceeding was unauthorized and void.  The
court says: "It is not the rule, so far as we are aware,
that interest as land owners or taxpayers in a municipal
or *quasi* municipal corporation disqualifies a person
from holding an office in such municipality, or from per-
forming any duty incident to such office, although his
own personal or pecuniary interest may, to some ex-
tent, be affected by his action.  And this must be espe-
cially true in case of drainage districts which are
organized for the private interests of the landowners
within such districts.  *  *  *  And the question is
not materially affected by the fact that the ministerial
or executive duties which he may be called upon to per-
form may involve more or less *quasi*-judicial action, or
discretion akin to what may properly be called judicial."
The case just cited was a proceeding by *quo warranto*
to oust the commissioners, and one of the grounds al-
leged was the same as in the case at bar, viz.: that
the commissioners being landowners in the district were
disqualified to hold office.  The opinion therefore from
which we quote has controlling application, and as
we think is conclusive of appellee's first contention.

Nor do we concur with appellee upon his second contention or proposition, that the commissioners forfeited all right to office by failing to give bond before they collected and received money for the purpose of the district, as provided in section 32, chapter 42, Rev. Stat. The right to the office is not conditioned upon compliance with this provision, neither by express terms nor by implication. The statute reads that "they shall not collect or receive any money for the purposes herein specified until they shall have given bond, etc.," but it does not say that the office shall become vacant if the bond is not given, nor does it say that the commissioners may not perform other duties than collecting and receiving money. The filing of a bond was a condition precedent to the performance of one duty specified, but it was in no sense a condition precedent to their being qualified, installed in office, and legally authorized to do and perform all the other duties imposed upon them by the statute. Whether or not a refusal to comply with the law and give bond after due notice would authorize a forfeiture of right to the office, we need not consider, for until a forfeiture is declared by competent authority or occurs by operation of law, the commissioners may not be ousted by a *quo warranto* proceeding.

When the information was filed in this case, no forfeiture had been declared, and, at that time, the appellants were the legally appointed and duly qualified drainage commissioners, in the rightful exercise of their duties as such. Before the hearing they had filed the required bond, which was approved by the County Court, so that when judgment was rendered there was no foundation for the complaint. The purpose of the bond was to secure to the district the money collected, and the only positive breach of duty on the part of the commissioners was in collecting and receiving money before they gave the bond. But inasmuch as the money received was secured to the district by a bond, such as the statute requires, it was not material

in deciding the demurrer to appellants' plea, whether the bond was given before or after the money was received. The statute has made ample provision (sec. 41) for the removal by the County Court of drainage commissioners who fail in any of their legal duties, and for the wrongs complained of by this proceeding, that court affords adequate remedy, if indeed it has not exclusive jurisdiction in such matters, which we do not here decide.

The judgment of the Circuit Court will be reversed and the cause remanded with directions to overrule the demurrer to the defendant's plea.

*Reversed and remanded with directions.*