(No. 11651.—Judgment affirmed.)

THE PEOPLE ex rel. Frank E. Nelson et al. Appellants, vs.
R. W. TAYLOR et al. Appellees.

*Opinion filed December 19, 1917.*

1. QUO WARRANTO—*curative act of 1917, regarding high school
districts, need not be specially pleaded.* In a proceeding by *quo
warranto* to test the organization of a high school district the cura-
tive act of 1917 need not be specially pleaded if the facts stated
bring the case within the statute, as the act is a public one, of
which the courts are bound to take judicial notice.

2. SAME—*legality of acts of board of education cannot be tested
in quo warranto proceeding.* A *quo warranto* proceeding attack-
ing the organization of a high school district and the right of mem-
bers of the board of education to hold office is not a proper pro-
ceeding to test the legality of the official acts of the board, and the
statement in a plea in said proceeding that the members of the
board employed teachers on a certain date, which was before said
members were elected to office, will be treated as surplusage.

3. Other questions in this case are controlled by the decisions
in *People* v. *Madison,* 280 Ill. 96, and *People* v. *Dix,* id. 158.

APPEAL from the Circuit Court of Knox county; the
Hon. ROBERT J. GRIER, Judge, presiding.

A. J. BOUTELLE, State's Attorney, (R. D. ROBINSON, of
counsel,) for appellants.

WILLIAMS, LAWRENCE, WELSH & GREEN, and MARSH
& RICE, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Pursuant to leave granted in vacation by one of the
judges of the eleventh judicial circuit, the State's attorney
of Knox county, in the name of the People and on the rela-
tion of certain individuals named, filed in the circuit court
of Knox county an information in the nature of *quo war-
ranto* alleging R. W. Taylor, O. B. West, Marion Shives,
Alvin Whitman, J. Leslie Keighon, T. F. Gooding and
Charles A. Sherman unlawfully held and pretended to exe-
cute, without any warrant or authority of law, the offices

of members of the board of education of an alleged high school district composed of territory described, partly in Salem township and partly in Elba township, in Knox county, and prayed said parties be required to answer to the People by what warrant and authority of law they claim to hold and execute said offices. The information was filed on January 25, 1917, to the February term of the Knox county circuit court. The summons was issued, served and returned, and on June 4, 1917, defendants filed their plea. The plea averred that a petition for the organization of the territory described, which was contiguous and compact territory, into a high school district, signed by more than fifty legal voters in the proposed district, was filed with the county superintendent of schools of Knox county on May 3, 1916; that the superintendent of schools thereupon gave notice, according to law, that an election would be held at the town hall in Yates City, Knox county, for the purpose of voting for or against the proposition of organizing the territory described into a high school district. A copy of the notice is set out in the plea. The plea further averred that the election was held at the time and place stated; that a majority of the votes cast at the election were in favor of the establishment of the high school district; that thereupon notice was given by the county superintendent of schools of Knox county of an election to be held June 10, 1916, for the purpose of electing a president and members of the board of education, at which election the defendants were duly elected members of the board of education of Township High School District No. 171. The plea then alleges that the board of education of said high school district held a meeting May 23, 1916, at which meeting the board employed a principal for said high school at a salary of $1300 per year and two teachers at salaries of $60 and $65 per month, and made contracts with said teachers agreeing to pay them said sums of money, pursuant to which they acted as teachers in said high school the ensuing year;

that at a meeting of the board of education held June 12, 1916, contracts were made for the use of a school building for the said district, which building had been used as a high school building, and for the use of which the district was liable; that at a meeting of the board held June 24, 1916, a tax for educational purposes in said high school district of $5000 was levied; that at a meeting on September 18, 1916, the board adopted a resolution authorizing the employment of additional teachers, the arrangement of a curriculum, text books, and the adoption of methods to make said high school district an accredited high school; that $300 was appropriated and has since been expended for a laboratory and other equipment for said school, and that pursuant to the resolution for the employment of other teachers a teacher had been employed for the ensuing year at a salary of $85 per month, and that said high school has since its opening for the high school year of 1916-17 been and has remained an accredited high school. The plea alleges that all of the acts set out therein were pursuant to the act of 1911, authorizing the organization of high school districts. Appellants filed a demurrer to the plea on June 22, 1917, which was on July 6, 1917, overruled, the writ quashed and judgment entered against them for costs. This appeal is prosecuted by appellants to reverse that judgment.

It is insisted by appellants that the plea is not sufficient and does not set out good title to the office. The district was organized and the board of education elected pursuant to the provisions of the act of 1911, relating to the organization of high school districts, which was held unconstitutional in *People* v. *Weis*, 275 Ill. 581. On June 14, 1917, which was subsequent to the filing of the plea, an act was approved and went into effect to legalize the organization of certain high school districts. Appellants contend that act cannot be availed of by appellees (1) because it is unconstitutional and invalid; and (2) because it was not set up and relied upon in the plea. The act has been sustained in

*People* v. *Madison,* 280 Ill. 96, *People* v. *Dix,* id. 158, *People* v. *Fifer,* id. 506, and *People* v. *Stitt,* id. 553, and we deem it unnecessary to again enter into a discussion of that question.  It is a public act and the courts are bound to take judicial notice of it without its being specially pleaded. (*People* v. *Ottawa Hydraulic Co.* 115 Ill. 281; *Vance* v. *Rankin* 194 id. 625.)  It is sufficient if the facts stated bring the case within the statute.  (*Clark* v. *North Muskegon,* 88 Mich. 308; *Bogardus* v. *Trinity Church,* 4 Paige, 197.) The plea alleges, and the demurrer admits, the territory embraced in the high school district was compact and contiguous.  The act of 1917 does not, as counsel seem to understand, attempt to validate the act of 1911, but only purports to validate districts organized under the 1911 act from contiguous and compact territory, and in the cases referred to it was held a valid enactment for that purpose.

It is also contended the plea is fatally bad because it alleges the board of education met and employed certain teachers on May 23, 1916, which was eighteen days before appellees were elected members of the board, which election, the plea avers, was held on June 10, 1916.  This being a proceeding in *quo warranto,* it involves only the validity of the organization and the title of appellees to the office of members of the board of education of high school district No. 171.  This is not a proper proceeding to test the legality of the official acts of a public officer.  (*People* v. *Whitcomb,* 55 Ill. 172; *People* v. *Baldridge,* 267 id. 190.)  If, as the plea avers, the appellees did perform certain public acts as members of the board of education of said district before they were elected, such acts would not be valid and binding on the district, but they would not invalidate their title to the office if they were subsequently elected to said office.  We are of opinion, therefore, those averments of the plea are surplusage and do not affect the real question involved.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*