The People of the State of Illinois ex rel. Sherman L. Hyatt et al., Appellants, v. M. J. Hogan et al., Appellees.

Gen. No. 8,090.

Opinion filed May 13, 1930.

RUSSELL O. HANSON, State's Attorney, for appellants; TOM W. SMURR and BUTTERS & BUTTERS, of counsel.

RICHOLSON, ARMSTRONG & O'MEARA, for appellees; JOHN H. ARMSTRONG, of counsel.

MR. JUSTICE JONES delivered the opinion of the court.

This is an appeal from an order denying the prayer of a petition for leave to file an information in the nature of a quo warranto against appellees as mayor and commissioners, respectively, of the village of Crotty. From the order of the circuit court denying the prayer

of the petition, an appeal was taken to the Supreme Court and by that court was transferred to this court.

The petition alleges misappropriation of the funds of the village by voting the same to themselves in payment of goods and merchandise sold and services furnished by them to the village in violation of law, while holding their respective offices, except that Sheedy is charged only with voting for such payments to the other respondents; and it is averred that such conduct rendered them subject to removal from their respective offices.

The principal question in this case is whether or not quo warranto will lie to remove a municipal officer from his office for an alleged violation of his duty, until it has been previously determined, either by some court of competent jurisdiction or by a self-executing provision of the law, that such officer has forfeited his office.

Respondents are officers of a village operating under the commission form of government. Section 37 of the Commission Form of Government Act, Cahill's St. ch. 24, ¶ 360, provides that no officer of any such city or village shall be interested, directly or indirectly, in any contract or job for work or materials, or profits thereof, or services to be furnished or performed for the city or village, and that any violation of that section shall be deemed a misdemeanor and punished by a fine of not less than $100 or more than $500 and shall be ground for removal from office or employment; section 5 of art. III of the City and Village Act and section 7 of art. VI of the same act contain similar prohibitions, without fixing a penalty for a violation thereof.

Section 208 of the Criminal Code, Cahill's St. ch. 38, ¶ 436, provides that, "every person holding any public office, . . . who shall be guilty of diverting any public money from the use or purpose for which it may have been appropriated or set apart by or under au-

thority of law, . . . or who shall be guilty of wilful and corrupt oppression, malfeasance or partiality, where no special provision shall have been made for the punishment thereof, shall be fined not exceeding $10,000, and may be removed from his office, trust, or employment.''

Section 3 of the Fraudulent and Corrupt Practices Act, Cahill's St. ch. 102, ¶ 3, provides that it shall not be lawful for any person holding any office to become in any manner interested, either directly or indirectly, in his own name or in the name of any other person or corporation, in any contract, or the performance of any work in the making or letting of which such officer may be called upon to act or vote.

Section 4 of the same act provides that any person holding any office who shall violate any of the provisions of the preceding sections, shall be deemed guilty of a misdemeanor and on conviction thereof, may be punished by confinement in the penitentiary for a term not less than one year or more than five years, or fined in a sum not less than $200 or more than $1,000, or both, in the discretion of the court before which such conviction shall be had; and, in addition thereto, any office or official position by any person or persons so convicted shall, by the fact of such conviction become vacant, and shall be so declared as part of the judgment of court.

Section 1 of the Quo Warranto Act, Cahill's St. ch. 112, ¶ 1, provides that in case any person shall usurp, intrude into, or unlawfully hold or execute any office or franchise, or if any public official shall have done, or suffered any act which by the provisions of law, works a forfeiture of his office, the Attorney-General or State's Attorney of the proper county, either of his own accord or at the instance of any individual relator, may present a petition to any court of record of competent jurisdiction, or any judge thereof in va-

cation, for leave to file an information in the nature of a quo warranto in the name of the People of the State of Illinois; (excepting constitutional officers) etc.

It is to be observed that none of the statutory provisions for depriving an officer of his office, on account of malfeasance, is self-executing; that is to say, none of the provisions of the several statutes declares that such malfeasance shall *ipso facto* work a forfeiture of the office. Since the' remedy by quo warranto, or information in the nature thereof, is employed only to test the actual right to an office or franchise, it follows that it can afford no relief from official misconduct and cannot be used to test the legality of the official action of public or corporate officers. Misconduct upon the part of a public officer is not of itself ground for forfeiting his office upon proceedings in quo warranto, unless such misconduct has been already judicially established. If, however, the acts of misconduct charged against the officer are declared by statute to work a forfeiture of his office, an information will lie, and judgment of ouster may be given against the officer upon the ground of such misconduct or breach of official duty. (High's Extraordinary Legal Remedies, 3rd Edition, sec. 618; *Burkholder v. People,* 60 Colo. 46, 147 Pac. 347.)

If the act complained of does not *ipso facto* work a forfeiture, and is only a misdemeanor in office, on account of which the law provides the manner in which the vacancy is to be declared, it is held that quo warranto will not lie. A prior conviction is not necessary where the act on the part of the officer is declared to work a forfeiture without reference to such prior conviction, although the statute also makes the act a misdemeanor and provides a punishment on conviction thereof. But before the court can oust an officer from his office, it must be judicially determined that he has no right to hold the office; and if the alleged ground for ousting the officer is that he has forfeited his office

by certain acts or omissions, it must be judicially determined, before he is ousted, that these acts or omissions work a forfeiture of the office, because the mere misconduct may not of itself be sufficient to work a forfeiture. (17 Ency. Pl. and Pr. 400.) The fact that duly qualified county commissioners are guilty of official misconduct does not *ipso facto* work a forfeiture of the office such as to authorize proceedings in quo warranto to oust them. (*McDonough v. Bacon,* 143 Ga. 283.) In *State v. Dearing,* 253 Mo. 604, it is held that the clause in the constitution providing that any officer who shall accept free passes shall forfeit his office is not self-executing and such officer cannot be ousted by quo warranto, but must be proceeded against under the statute providing for convictions of the offense and for the court trying the case to declare the office to be forfeited and vacant. Quo warranto is not the remedy where there is no question as to the title of the office, and where the maladministration charged does not *ipso facto* work a forfeiture of the office. (*Stanford v. Lynch,* 147 Ga. 518, 94 S. E. 1001; *McDonough v. Bacon, supra.*)

Quo warranto is generally employed to try a person's right to office and not to test the legality of his acts. (*People v. Whitcomb,* 55 Ill. 172.) It is not a proper proceeding to test the legality of the official acts of a public official. (*People v. Taylor,* 281 Ill. 355; *People v. Baldridge,* 267 Ill. 190; *People v. Wyatt,* 34 Ill. App. 454.) Until a forfeiture of the right of office is declared by competent authority or occurs by operation of the law, an officer may not be ousted by quo warranto. (*People v. Bunyard,* 147 Ill. App. 121.)

Appellants contend that because the Commission Form of Government Act provides that any violation of section 37 thereof "shall be ground for removal from office," whereas, before such amendment, the City and Village Act contained no such provision, it was intended by the legislature to provide by said section 37

that in municipalities operating under the commission form of government, officers are subject to removal by quo warranto for malfeasance in office without a prior conviction. The Commission Form of Government Act is a part of the City and Village Act, and was added thereto by amendment. The provisions of the general act apply to municipalities operating under the amendment except in so far as they are changed by the amendment. It is fundamental that statutes must operate uniformly upon all persons similarly situated, and courts will not construe a statute so as to make it unconstitutional if any other reasonable construction can be placed upon it which will make it effectual. (*Sturges v. City of Chicago,* 237 Ill. 46.) Section 37 is not self-executing. It does not declare that a violation of its provisions shall constitute a forfeiture of an office, but that it shall be ground for removal. It does not have the effect of providing that such officers may be removed by quo warranto for malfeasance without a previous conviction.

In order to maintain the action in the case at bar, it was necessary that the petition show a forfeiture, either by operation of a self-executing law, or by the judgment of a court of competent jurisdiction. In the absence of any such showing, it was the duty of the trial court to dismiss the petition. The judgment was correct and is affirmed.

*Judgment affirmed.*