MONTANA IMPROVEMENT COMPANY, LIMITED, appellant, *v.* GEORGE H. COLTER, and JANE A. COLTER, Intervenor, respondents.

MARRIED WOMAN. — *Separate real estate.* — *Held,* that a married woman, the grantee in a deed to real estate, sufficiently complies with section 1432, division 5, Compiled Statutes, in order to exempt the property conveyed to her from the debts and liabilities of her husband, by having the deed recorded in the office of the clerk and recorder of the county wherein the real estate embraced in the deed is situated, and in which said married woman resides.

*Appeal from District Court, Silver Bow County.*

KNOWLES & FORBIS, for the appellant.

Appellant contends that the defendant, George A. Colter, had an estate by marital right in the property upon which the lien would attach, and to that extent the appellant was entitled to a foreclosure of the lien. This estate was such that if there was no issue of the marriage of the defendant and the intervenor, then it would be an estate of the husband during the life of the wife; but if there should be issue of the marriage, then the estate of the husband would become an estate by the curtesy for life, and the husband would be entitled to the rents, issues, and profits during his life. *Kirby* v. *Tead and Wife,* 13 Met. 149; Phillips on Mechanics' Liens, sec. 101, 189, 190, and the authorities there cited; *Washburn* v. *Burns,* 34 N. J. L. 18; *Fitch* v. *Baker,* 23 Conn. 563; *McCarty* v. *Carter,* 49 Ill. 53. We take it that there is no question of the existence of the estate by curtesy in this territory. There is no provision of our law, either directly or by implication, which repeals this right, and it was a well-defined right at common law. 2 Kent's Com. 130, 131. But the intervenor claims that the estate of the wife in the land upon which this lien is attempted to be enforced is her separate estate and property, and as such the husband has no estate by marital right

in the same. It is not claimed that the deeds create any separate estate in the wife in such property, for they do not even convey the property to her "for her own separate use and benefit," but simply convey it to her, and to her heirs and representatives and assigns forever. This does not constitute a separate estate, such as to cut off the curtesy. Such separate estates are created only in equity, and are held in trust by some one else for the married woman, and this is the only separate estate known to the common law. 1 Bishop on Married Women, secs. 792–796; Willard's Eq. Jur. 652; *Albany Fire Ins. Co.* v. *Bay*, 4 N. Y. 11.

McBRIDE & HALDORN, for the respondent Jane A. Colter.

Separate-property acts suspend all rights of husband or creditors in wife's separate property. Stewart on Husband and Wife, sec. 161; *Martin* v. *Robson*, 16 Am. Rep. 581; *Davis* v. *Fredericks*, 104 U. S. 618. Under separate-property acts, the husband may contract for improvements on the separate property of the wife, and yet such property not be liable, and the seller must look to the husband alone. Stewart on Husband and Wife, sec. 243. The whole tendency of legislation in this territory has been to give married women, so far as property rights are concerned, the same right to control and manage their separate property as a single woman might do. Section 1439, Compiled Laws, is sweeping in its provisions, and the only restriction put on the rights of a *feme covert* is that she cannot vote or hold office. Under the pleading in this cause, the proof must be conclusive that the material was not only used in the particular building, but that it was furnished to be used in such building. 56 Cal. 307; 2 Cal. 90; 5 Cal. 240.

BACH, J. This is an action brought by plaintiff to foreclose a lien upon certain property in Butte City, for

lumber and material sold and delivered by the plaintiff to the defendant, George H. Colter. The premises upon which the buildings were erected are, and were at the time of the construction of the same, the property of Jane A. Colter, the wife of the defendant. George H. Colter made default in the action, and Jane A. Colter asked leave to intervene, and defend the suit; and her petition in intervention shows that she is the owner of the property upon which it is sought to enforce the lien. The action came on for trial upon these pleadings. The plaintiff introduced evidence showing that it had sold lumber to George H. Colter for the construction of the buildings on the lots belonging to Jane A. Colter; that the price of the same was unpaid; that plaintiff had duly filed a lien for such unpaid account; that Jane A. Colter was and is the wife of the defendant, George H. Colter; that the intervenor, Jane A. Colter, was, at the time of the furnishing of the material and of the filing of the lien, the owner of the lots upon which the buildings had been erected. After the introduction of this proof, the intervenor asked the court for a nonsuit herein, for the reason that the proof showed that Jane A. Colter was the owner of the property, and consequently the defendant, George H. Colter, had no interest therein upon which the lien could attach. The court granted the nonsuit. The appeal is from the judgment. The judgment roll contains a bill of exceptions to the motion for a nonsuit.

The only question before us for consideration is this: When a married woman, the grantee in a deed to real estate, records that deed in the office of the register of deeds in the county in which she resides, has she complied with the law of the territory providing for the separate estate of married women? This action was commenced in July, 1886, and the law governing the case is to be found on page 588, section 866, Revised Statutes; also on page 1044, section 1432, Compiled Statutes.

That law reads as follows: "That the property owned by any married woman before her marriage, and that which she may acquire after her marriage by descent, gift, grant, devise, or otherwise, and the increase, use, and profits thereof, shall be exempt from all debts and liabilities of the husband, unless for necessary articles procured for the use and benefit of herself, and of her children under the age of eighteen years; provided, however, that the provisions of this chapter shall extend only to such property as shall be mentioned in a list of the property of such married woman on record in the office of the register of deeds of the county in which such married woman resides." This law requires nothing except that the provisions of the law shall extend only to such property as shall be mentioned in a list on record in the proper office. It does not provide, as counsel intimates, that the married woman shall make any specific claim in the list to the property therein mentioned. Neither can this court add any words to that section. The statute does not prescribe any particular form for the list, and this court cannot require any such form. In *Herman* v. *Jeffries*, 4 Mont. 513, 525, 1 Pac. Rep. 11, the court say: "The purpose in requiring a separate list to be recorded is notice." And the same doctrine is stated in *Griswold* v. *Bolcy*, 1 Mont. 556. Not notice that she claims the property as her separate property, but notice that it is her property. That purpose is as well answered by filing and recording a deed in which she is mentioned as sole grantee, as it would be by any other form of list that can be imagined. The judgment is affirmed, with costs.

*Judgment affirmed.*

McConnell, C. J., and Liddell, J., concur.