The Pennsylvania Company v. Horton.

Judgment affirmed.

Filed June 17, 1892.

---

No. 15,186.

THE PENNSYLVANIA COMPANY v. HORTON.

RAILROAD.—*Personal Injuries.*—*Complaint.*—*Averment as to Contributory Negligence.*—*Motion to Make More Specific.*—In an action against a railroad company to recover damages for a personal injury, a general averment that the injury happened without the fault or negligence of the plaintiff is sufficient. It is not necessary to set out affirmatively all the precautions taken to avoid the injury. If a more particular and definite statement of the facts was desired, the remedy was by motion to make the complaint more specific. For review of the evidence see close of the opinion.

SAME.—*Rate of Speed.*—*Violation of City Ordinance.*—*Negligence per se.*—It is negligence *per se* to run a train of cars in violation of a city ordinance, and if any one is injured in consequence of such negligence without being himself guilty of contributory negligence, he may recover damages for such injury.

SAME.—*Instructions to Jury.*—*Injury at Crossing.*—*Care to be Exercised by Plaintiff.*—In an action against a railroad company to recover damages for a personal injury, the defendant can not successfully complain of an instruction which informed the jury that "if safety under the circumstances required that he (plaintiff) should stop his horse to ascertain whether it was safe to cross the track or not, it was his duty to stop and look and listen, and if, failing in this, he was caught by the engine and injured, he can not recover."

SAME.—An instruction in such an action that the plaintiff could not recover if "at the time of and just preceding the injury he could, by looking in the proper direction, have seen the train coming towards him in time to have avoided the injury," although no warning was given of its approach, and although the train was running in violation of a city ordinance, is not objectionable because of the omission of the element of listening, the same having been fully treated of in other instructions.

INSTRUCTIONS TO JURY.—*Omission of Statement of Fact.*—When instructions

The Pennsylvania Company v. Horton.

are given to the jury applicable to the law of the case they are not objectionable because they do not state any facts, nor advise the jury what the plaintiff should have done under the circumstances to have shown him to be in the exercise of due care.

MUNICIPAL CORPORATION.—*Incorporation of.—Judicial Notice Taken of.*— Judicial notice will be taken by the courts that a city is incorporated under the general laws of the State.

EVIDENCE.—*Objection to.—Must be Specifically Stated.—Authentication of Ordinance.*—An objection to the authentication or proof of an ordinance must be specifically pointed out. Questions will not be considered for the first time on appeal when the attention of the court below was not specifically called to the grounds of the objection.

From the Porter Circuit Court.

*J. Brackenridge* and *A. Zollars,* for appellant.
*E. D. Crumpacker* and *S. C. Spencer,* for appellee.

MILLER, J.—This action was brought to recover for a personal injury suffered by appellee on the 13th of November, 1884, at a street crossing in Warsaw, Kosciusko county, by collision with the engine of a passenger train of cars running on the Pittsburgh, Fort Wayne and Chicago railway.

At the time of the injury, the appellee, as alleged in the complaint, was driving a horse and wagon along Washington street in Warsaw, from the north towards the south. It is further alleged that the railway crossed the street on an embankment twelve feet high, maintained by the appellant; that the approaches to the track were steep and narrow, and that passengers on the street could, with difficulty, see approaching trains until they reached the top of the embankment at said crossing; that a side track was maintained by appellant along the north side of its main track across Washington street, and extended east and west therefrom, a distance of 100 yards, and that adjacent to appellant's right of way, on the west side of Washington street, a large saw mill, sash factory and manufactory of wooden wares was located, which, when in operation, made a noise so similar to that of an.

approaching train of cars, that it was difficult to distinguish the one from the other, but that the ringing of a bell or sounding of a whistle could have been distinctly heard; that at the time of the injury, appellant negligently permitted its freight ears to stand all day on said side track and upon and into Washington street, and leaving only fifteen feet between its cars, for passengers and teams to pass along said street and on its track, although the street was open and used by the public to the width of eighty feet; that Warsaw was an incorporated city at the time of, and for a long time prior to the injury; and by an ordinance duly passed by the common council, and then in force, prohibited steam cars and locomotive engines within said city from moving at a greater rate of speed than five miles an hour; that at the time of his injury the appellee was lawfully passing along Washington street from the north to the south driving a horse, and was about to cross appellant's track, where it crossed said Washington street, being a public street and much used by the public, and that by reason of said embankment and its steep and narrow approaches, and the freight cars standing upon the side track and in said street obstructing the appellee's view of the main track, he was unable to see an approaching train passing westward along the main track, and by reason of said mill and factory being in action he was unable to see and hear said train approaching, and while so carefully passing along said street, and about to cross the railway track, and carefully seeking to avoid danger from any engine and cars, and without fault on his part, he was run into by a locomotive and train of cars of appellant, passing along the main track from the east to the west, unlawfully, carelessly, and running at the rate of twenty-five miles per hour, without ringing the bell or sounding the whistle, within 100 yards to the east of said street crossing; that by reason of the foregoing premises the appellee was

wholly unaware of the approach of the train until he was struck by the same and violently thrown from his wagon and his arm and leg broken, and all without fault or negligence on his part.

A demurrer was overruled to the complaint, exception taken and the ruling is assigned as error.

The counsel for appellants do not assert that the complaint does not sufficiently charge negligence on the part of the defendant, but insist that the facts stated show that the appellee was, at the time of his injury, guilty of contributory negligence.

A general averment that the injury happened without the fault or negligence of the plaintiff is sufficient, unless it appears from other more specific averments that he was in fact negligent. The complaint charges, in effect, that the crossing was a dangerous one; and while it is incumbent upon a traveler in approaching such a crossing to use care and caution reasonably commensurate with the known or apparent danger to be apprehended, it is not necessary to set out, affirmatively, all the precautions taken to avoid injury; the general allegation that the injury occurred without the fault or negligence is all that is necessary. We find no averment in the complaint inconsistent with the statement that he was without fault. If the defendant desired a more particular and definite statement of the facts, the remedy, if any, was a motion to compel the plaintiff to make the complaint more specific. *Pennsylvania Co.* v. *O'Shaughnessy*, 122 Ind. 588; *Ohio, etc., R. W. Co.* v. *McCartney*, 121 Ind. 385; *City of Anderson* v. *East*, 117 Ind. 126; *Evansville, etc., R. W. Co.* v. *Crist*, 116 Ind. 446; *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196.

The appellant insists that the court erred in giving the first instruction to the jury. The portion of this instruction objected to is as follows:

" If you find from the evidence that the view of the approaching train was obstructed by buildings, trees, and

cars on defendant's railroad at such crossing, to a traveler on such street from the north, and at the time of the injury a valid ordinance of the city of Warsaw was in force limiting the rate of speed of defendant's trains to five miles an hour in said city, and that the train which injured plaintiff was at the time of the injury running at the rate of ten or fifteen miles an hour, then the defendant was guilty of negligence. And if you find that such negligence produced the plaintiff's injury without any negligence on the plaintiff's part which contributed to the injury, then your verdict should be for the plaintiff."

This instruction contained a correct enunciation of the law relating to what it took to establish actionable negligence on the part of the defendant. It is negligence *per se* to run a train of cars in violation of a city ordinance, and if any one is injured in consequence of such negligence, without being himself guilty of contributory negligence, he may recover damages for such injury. *St. Louis, etc., R. W. Co.* v. *Mathias,* 50 Ind. 65 ; *Pennsylvania Co.* v. *Hensil,* 70 Ind. 569 ; *Pennsylvania Co.* v. *Stegemeier,* 118 Ind. 305.

The instruction does nothing more than inform the jury of the law upon this subject, leaving it to other and subsequent charges to direct their attention to the subject of contributory negligence.

We discover no infirmity in this instruction.

Complaint is also made of the *second* and *third* instructions.

They are as follows :

*Second.* "The plaintiff was bound to use ordinary care under the circumstances shown to have existed in this case.

He was bound to approach the railroad carefully and to look and listen for the approach of trains, and if the evidence shows that he did this, with that degree of care that

an ordinarily prudent person would have exercised under all the circumstances, and was unable to hear or see the train approaching until it was too late to avoid the collision, then he was not guilty of contributory negligence."

*Third.* "There is no law requiring a man in the lawful use of a public street approaching a railroad crossing, to stop his vehicle before crossing, but he is bound to use such care, under all the circumstances, as a man of ordinary care would have exercised under like circumstances. And if you find that Horton exercised such care at the time of, and preceding the injury, he was not guilty of contributory negligence."

Counsel for appellant concede the law to be as laid down in these instructions as an abstract proposition, but insist that when applied to the facts of this case they were too general and indefinite, and such as tended to mislead the jury.

We are satisfied that these instructions were not only correct as abstract propositions of law, but that when taken in connection with the other instructions, they correctly and fairly submitted the questions of law involved in the case to the jury.

The objections urged to these charges are that they do not state any facts, nor advise the jury what the appellee should have done under the circumstances to have shown him to be in the exercise of due care.

It was not necessary, nor would it have been proper, for the court to have entered into a discussion of the facts. The court stated the law to the jury, applicable to the case, and left it to them to determine, from the evidence, whether there had been negligence on the part of the plaintiff contributing to the injury.

In the eighth instruction the jury were told that:

"If safety, under the circumstances, required that he should stop his horse to ascertain whether it was safe to

cross the track or not, it was his duty to stop and look and listen, and if, failing in this, he was caught by the engine and injured, he can not recover."

We think it apparent that the appellant has no cause to complain of this instruction.

In the tenth instruction the court told the jury:

"If you find that at the time of, or just preceding the injury, Horton approached the railway crossing, and could, by looking in the proper direction, have seen the train coming toward him in time to have avoided the injury, even although the engineer gave no warning of his approach by ringing the engine bell or otherwise, and though the train was running fifteen or twenty miles an hour, still your verdict must be for the defendant, for if you find under such circumstances Horton omitted to look for the train, he was guilty of such negligence as deprives him of the right to recover."

This instruction was pertinent to the theory of the defence, that the plaintiff might by looking have seen the approaching train, and was not objectionable on account of the omission of the elements of listening, which was fully treated of in other instructions.

Some criticism is made of other instructions, but as no objections were made to them upon the trial, we can not consider them now. Taken as a whole, the instructions were quite favorable to the defendant.

An ordinance of the City of Warsaw was, over the objection of the defendant, given in evidence, and this is claimed to have been erroneous. The objections were that there was no evidence that the city had been legally incorporated, and because the copy was incompetent.

We take judicial notice that Warsaw is an incorporated city under the general laws of this state. *Stultz* v. *State ex rel.*, 65 Ind. 492; *Town of Albion* v. *Hetrick*, 90 Ind. 545; *Woodward* v. *Chicago, etc., R. W. Co.*, 21 Wis. 313; *Com.* v. *Intoxicating Liquors*, 103 Mass. 448:

The other objection is too indefinite and uncertain to raise any question. If the objection was to the authentication or proof of the ordinance, the specific objection should have been pointed out. This would have been fair to the court and to the adverse party. We can not consider questions for the first time in this court where the attention of the court below was not specifically called to the grounds of the objection.

We have read the evidence with care, and find it very conflicting, upon every material question, except the location of the place where the accident took place; and the fact that the train was running at a rate in excess of that allowed under the city ordinance.

The appellee in his evidence shows that he approached the track carefully, driving in a slow walk; that his hearing and sight were good, and the movement of his wagon in no respect interfered with either; that a number of freight cars stood on the side track east of the crossing and extended out into the street, so that it was impossible to see the approaching train until he was right on the main track; that although he listened he did not hear the whistle sound, the bell ring, or the cars run; that he looked and listened attentively while approaching the track; that he knew that a great many trains were run over the road every day, but did not know the time of any of them; that from that point the railroad curved to the south; and that he had never crossed the road at that point before.

The testimony given by the plaintiff was, to some extent, corroborated by other evidence.

We regard the evidence as sufficient under the authority of *Ohio, etc., R. W. Co.* v. *Buck,* 130 Ind. 300; and *Cleveland, etc., R. W. Co.* v. *Harrington,* 131 Ind. 426, to make out a case in favor of the plaintiff.

Judgment affirmed.

Filed April 30 , 1892; petition for a rehearing overruled Sept. 16, 1892.