## ALLEN, APPELLANT, v. ROUSH, RESPONDENT.

[Submitted February 27, 1895. Decided March 4, 1895.]

MARRIED WOMEN.—*Husband's right in listed property of wife.*—Section 1432 of the Compiled Statutes of Montana (Act of January 12, 1865) frees the duly listed property of a married woman from debts and liabilities of the husband unless contracted for necessary articles for the wife and minor children, but does not give to a married woman, in reference to such property, complete status as a *feme sole*, and does not deprive a husband of curtesy in such property. (*Chadwick* v. *Tatem*, 9 Mont. 367; *Improvement Co.* v. *Colter*, 7 Mont. 541, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

EJECTMENT. Judgment was rendered for the defendant below by BUCK, J. Affirmed.

Statement of the case:

This is an action in the nature of ejectment, by which plaintiff below sought possession of certain town lots in the city of Helena, and damages for their detention. The trial was by the court sitting without a jury. Judgment was for defendant. The plaintiff's motion for new trial was denied. From this order the plaintiff appeals.

*Massena Bullard,* for Appellant.

The defendant, in a case where there is a valid judgment and execution, is as much bound by the deed of a sheriff as if it had been made by the defendant himself. (Devlin on Deeds, § 1435.) The appellant, therefore, having acquired his title by virtue of a sheriff's deed under a valid judgment, and without notice of any adverse claim of this respondent, became the owner of the fee of the property. The provisions of the statute of limitations, so far as they affect this case, are the following: Comp. Stats., §§ 29, 32, 33, 39. See, as to the right of a wife to sue alone, when the action concerns her separate property, Cod. Stats. 1872, § 7; Moak's Van Santvoord's Pleadings, 61; *Ackley* v. *Tarbox,* 31 N. Y. 664; *Palmer* v. *Davis,* 28 N. Y. 242; *Hopkins* v. *Noyes,* 4 Mont. 559; *Palmer* v. *Murray,* 8 Mont. 174. During all the time since the purchase of the property by the appellant, and while he has been in exclusive possession thereof, the respondent was capable in

law of instituting a suit to determine her rights without join-
ing her husband with her. This being true, the statute ran
against her as if she were a *feme sole.* The position taken by
counsel for respondent, that a purchaser is chargeable with *lis
pendens* when the suit is against his grantor, may be conceded to
be sound at common law, but our statute has settled this ques-
tion and repealed the common law in so far as the common law is
in conflict with its provisions. (Comp. Stats., § 70, p. 75; and
see *McIlwrath* v. *Hollander*, 73 Mo. 105.) The courts of Cali-
fornia, under a provision like ours, hold that the mere pendency
of a suit does not, as at common law, change the possession of
the subject matter, and that the notice or *lis pendens* must appear
of record. (*Head* v. *Fordyce*, 17 Cal. 140; *Richardson* v. *White*,
18 Cal. 102; *Ault* v. *Gassaway*, 18 Cal. 205; *Sampson* v. *Ohleyer*,
22 Cal. 211; *Smith* v. *Gale*, 12 Sup. Rep. 679.)

*George F. Shelton*, for Respondent.

The statement on motion for a new trial, embodied in the
transcript, is not such as entitles it to consideration by the
court. (*Marlow* v. *Marsh*, 9 Cal. 259; Hayne on New Trial
and Appeal, § 156.) The respondent has never been divested
of the legal title to the property in controversy by any legal
proceedings. Fort, appellant's grantor, purchased at sheriff's
sale under a decree of foreclosure, but did not secure a deed
therefor from the sheriff. As a consequence the legal title
after this judicial sale remained in the judgment debtor until
the deed of the sheriff was delivered to the purchaser. (*An-
thony* v. *Wessell*, 9 Cal. 103.) While the suit commenced by
respondent and her husband against Fort was pending the
plaintiff, Allen, purchased the property of Fort and received a
deed from him. Being in privity with Fort, by reason of this
deed, Allen was bound by the judgment subsequently rendered
in favor of respondent and against his grantor, Fort. (Comp.
Stats., § 374; *Sharp* v. *Lumley*, 34 Cal. 615.) The respond-
ent was properly placed in possession of the premises. (*Leese*
v. *Clark*, 29 Cal. 664.) The filing of a notice of *lis pendens*
was unnecessary to protect the respondent against the claims
of Allen, holding in privity with Fort, by reason of his deed
from him. (Comp. Stats., § 374; and see *Watson* v. *Dowling*,

26 Cal. 125; *Lang* v. *Neville*, 29 Cal. 132.) The plaintiff was not a purchaser without notice (*Brush* v. *Wall*, 15 Pet. 93); and could not claim that the statute of limitations would run in his favor pending the original actions. (*Lynch* v. *Andrews*, 25 W. Va. 751; *Simmons Coal Co.* v. *Doran*, 142 U. S. 437; *Lacassgne* v. *Chapnis*, 144 U. S. 125; *Sharp* v. *Lumley*, 34 Cal. 615; *Thompson* v. *Baker*, 141 U. S. 648.) The statute of limitations could not run against respondent, she being a married woman living with her husband, who, by reason of the birth of a child was tenant by the curtesy, and had the right to the rents, issues and profits of her real estate, and was a necessary party with her in all actions affecting the possession of her real estate. (See Cod. Stats. 1872, § 12, p. 517.) Title in defendants need not be pleaded but may be proven under a denial of the plaintiff's title. (*Marshall* v. *Shafter*, 32 Cal. 176.) When the action concerns the separate property of a married woman she may sue alone (Cod. Stats. 1872, § 7); and the separate property of a married woman, under the common law which was in force in Montana in 1872, is such as belongs to her absolutely, and over which her husband has no control. (*Insurance Co.* v. *Bay*, 4 Barb. 407; and see *Hopkins* v. *Noyes*, 4 Mont. 559; Comp. Stats., § 405.)

PER CURIAM.—The learned judge of the district court, in deciding this case, filed a written opinion, in which he said, in part, as follows:

"The questions to be determined in this action depend upon facts substantially as follows: The defendant, a married woman, received a probate judge's deed in 1870 to the town lots in controversy. Soon after, she and her husband mortgaged the same to one Fort. The mortgage was foreclosed, and Fort became the purchaser of the property at sheriff's sale in 1871. Soon after his purchase of the property he sold it to the plaintiff, who took possession. In 1872 defendant and her husband commenced an action against Fort to set aside the sheriff's sale, and for restoration of the premises. The Roush-Fort suit lasted a number of years, by reason of appeals to the supreme court of the United States, but was finally decided in favor of the Roushes. Allen, meanwhile, had retained pos-

session.   Shortly after, or before the final determination, defendant's husband died." This was in 1887. "The lots were then, in 1891, restored to the defendant under a writ of restitution. Plaintiff sues in ejectment, basing his title on adverse possession of the premises. During their marriage the Roushes had a child; and, therefore, the husband, if he had survived the defendant, and she had left these lots as a portion of her estate, would have been entitled to curtesy therein."

The Dower and Curtesy Act of February 11, 1876 (9th Sess. Laws, 63), was not repealed when this action was commenced. (*Chadwick* v. *Tatem*, 9 Mont. 367.) The portion of the act as to curtesy seems to be repealed by the Civil Code, section 177, approved February 19, 1895. This repeal is, of course, long after this action was commenced. Quoting again from the opinion of the district court. "Under the above conditions, has the plaintiff acquired title by adverse possession? Section 39 of the Compiled Statutes, which applies, provides that no rights by adverse possession can be acquired against a married woman if her husband was a necessary party to a suit that might have been instituted by her for the assertion to her right to real property. Section 7 of the Codified Statutes of 1872, however, is as follows: 'When a married woman is a party, her husband shall be joined with her, except that when the action concerns her separate property she may sue alone.' This statute was the law until Roush's death in 1887. In order to decide whether Mrs. Roush's husband would have been a necessary party to any suit she might have instituted against the plaintiff during the period in which he claims his adverse right was acquired it will first be necessary to interpret section 1432 of the Compiled Statutes." [From the act of January 12, 1865.] "This is as follows: 'That the property owned by any married woman before her marriage, and that which she may acquire after her marriage by descent, grant, gift, devise, or otherwise, and the increase, use, and profits thereof, shall be exempt from all debts and liabilities of the husband, unless for necessary articles procured for the use and benefit of herself and her children under the age of eighteen years; *provided, however*, that the provisions of this chapter shall extend only to such property as shall be men-

tioned in a list of the property of such married woman as is on record in the office of the register of deeds of the county in which such married woman resides.' Was the intention of the legislature in the enactment of this statute in 1865 to bestow upon a married woman, in reference to her duly listed property, a complete status of a *feme sole?* If it was, then the plaintiff herein must recover. Did the legislature really intend, however, that property of a married woman listed in pursuance of said section be absolutely divested of any control or property right on the part of the husband? If it was, section 7 of the Codified Statutes of 1872, above quoted, would, of course, apply, and there would have been no necessity for a joinder of her husband in any action concerning these lots which might have been instituted by the defendant. It is to be borne in mind that the deed of these lots to defendant contained no provision that they were to be held to her sole and separate use. The recording of the deed, however, as decided by our supreme court, was a compliance with said section, and freed the lots from the debts and liabilities of the husband, to the extent therein declared. (*Montana I. Co.* v. *Colter,* 7 Mont. 541.) At common law the husband had an estate in the realty of his wife during the coverture. He could exercise almost full control of it. In England, particularly within the present century, the court of chancery has gradually formulated an equitable system for the protection of the property rights of a married woman, which has done much to obviate any harshness often incidental to the common-law rule. In the United States, on the other hand, statutory enactments have brought about, in almost all of the states, a similar result. The decisions of the various states of the union of late years, on the status of a married woman owning property rights, depend, as a rule, on statutory enactments. These statutes vary greatly in the different states, and I have been unable to find any decision construing a statute identical in phraseology with section 1432. In many of the states the property of a married woman is declared to be her sole and separate property, upon compliance with statutory requirements. But in almost all of the decisions under these statutes a reluctance is manifested by the courts, if the legislative language is at all doubtful, to

ignore the common law, and absolutely annihilate the mutual property relations of husband and wife. Is section 1432 broad enough to admit of the construction that a husband has no right whatsoever in the listed property of his wife? The section nowhere expressly declares this. It only frees such listed property from debts and liabilities of the husband, unless contracted for necessary articles for the wife and minor children. At the time this section 1432 was adopted the legislature also declared that the common law of England, in so far as generally applicable, should also be in force. Furthermore, other enactments by the legislatures of Montana, passed subsequently to said section 1432, would seem to conflict with the theory that it was intended that this section should give to a married woman the same *status* as a *feme sole*. The Sole Traders' Acts of 1874 (8th Sess. Laws, 93), and 1891 (2d State Sess. Laws, 263), The Married Woman's Act of 1887, the sections of the Compiled Statutes regulating the conveyance, and disposition by will, of her property by a married woman, and particularly the Dower and Curtesy Act of 1876, all indicate the contrary. In the act last referred to (see Acts of 1876, p. 69), section 25 is as follows: ' When any man and his wife are seised in her right, and when a married woman is seised to her sole and separate use, free from the control of her husband, of any estate of inheritance and lands, the husband shall, on the death of the wife, hold the lands for his life, as a tenant thereof by the curtesy.' Clearly, the use of the words 'are seised in her right' is a recognition of the estate of the husband in a wife's realty during coverture. It is noticeable, also, that a distinction is made in this very section 25 between real estate in the wife's name, without limitation, and that held by her to her sole and separate use, free from the control of her husband. The distinction above mentioned aids in the construction of section 7 of the Codified Statutes of 1872, and strengthens my conclusion that in the use of the words 'separate property' it was not in the legislative mind to include listed property; but that by the term 'separate property' was meant property held by a married woman to her sole and separate use, and so secured to her, either by the terms of the deed of conveyance, by marriage

settlement, or otherwise. The decision of this court, therefore, is, that the plaintiff gained no adverse title against the defendant during her coverture, and he cannot recover the lots in controversy."

We are of opinion that the decision of the district court correctly construed the statutes applicable to the contention in the case at bar, and the judgment is therefore affirmed.

*Affirmed.*

All concur.