# BROWN *v.* SAVINGS BANK OF THE GRAND FOUN-TAIN, U. O. T. R.

AMENDMENTS; PLEAS IN ABATEMENT; OBJECTIONS AND EXCEPTIONS; AP-PEALS. .

1. *Quære,* whether D. C. Code, sec. 399 (31 Stat. at L. 1252, chap. 854), relating to amendment of pleadings, modifies the rule of the common law, that the finding in favor of the plaintiff, of an issue of fact raised by a plea in abatement, entitles the plaintiff to a judgment on the merits.

2. An objection will not afterwards avail the party making it, unless it it states the grounds upon which it is based, and points out clearly the errors complained of, in order that the court may be given an opportunity to correct them.

3. Where, after an issue made by a plea in abatement is found in favor of the plaintiff, leave is granted to the defendant to plead to the merits in twenty-four hours, upon payment of all costs, "to which the plaintiff notes an exception" and thereupon pleas in bar are filed, issue is joined thereon, and there is a verdict and judgment for the defendant, and the plaintiff appeals,—an assignment of error to the effect that the court erred in not entering a judgment in appellant's favor, and assessing damages after the finding of the issue upon the plea in abatement in his favor, cannot be sustained, as the exception is too general, there being nothing to show whether it was to the substance of the ruling, or to the time given within which to plead over, or to the terms imposed.

No. 1724.  Submitted October 23, 1906.  Decided November 21, 1906.

HEARING on an appeal by the plaintiff from a judgment on verdict of the Supreme Court of the District of Columbia in an action of assumpsit.                          *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from the supreme court of the District of Columbia.

The appellant, Robert W. Brown, executor of the will of Luvinia Howard, as plaintiff below, brought suit in the District of Columbia against appellee, the Savings Bank of the Grand Fountain, U. O. T. R., a Virginia corporation, for the redemption of fifty-seven shares of its stock at $5 per share, which he claimed was redeemable at the death of his testatrix, and for dividends on such stock amounting to $171. The defendant filed a plea in abatement to the jurisdiction of the court, on the ground that it had no branch office, business, agent, or representative within the jurisdiction of the District of Columbia. To this plaintiff replied that the contracts sued upon were entered into in the District of Columbia, and issue was joined upon this replication. A jury was waived, and the court determined the issue thus made in favor of the plaintiff: "Thereupon (quoting from the record) the defendant's motion filed herein for a rehearing of this cause coming on to be heard, it is ordered that said motion be and hereby is overruled; whereupon leave is hereby granted the defendant to plead to the merits within twenty-four hours, upon the payment of all costs to date in this cause, to which the plaintiff notes an exception, and the cause is set down for trial on the 14th day of June, 1906." No motion for judgment was made by the plaintiff. On June 9th, and within the time allowed by the court for that purpose, the defendant filed its pleas to the merits, and in its affidavit of defense set forth that it had paid and redeemed the certificates in question during the lifetime of plaintiff's testatrix. On June 11th the plaintiff joined issue on these pleas to the merits, and thereafter a trial was had before a jury, and a verdict returned in favor of the defendant. From this verdict and the judgment entered thereon an appeal was noted.

*Mr. A. A. Birney* and *Mr. Joseph H. Stewart* for the appellant.

Mr. *James S. Easby Smith,* and *Mr. Wilton J. Lambert* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

It is now urged by appellant that the court erred in not entering a judgment in favor of the plaintiff, and assessing his damages after finding the issue upon the plea in abatement in his favor. We think the mere statement of the case demonstrates that the appellant is not in a position to insist upon this assignment of error. It may be conceded that, under the common law, the finding in favor of the plaintiff of an issue of fact raised by a plea in abatement, entitles the plaintiff to a judgment on the merits. Whether the provisions of the Code [sec. 399, 31 Stat. at L. 1252, chap. 854] with respect to amendments modifies this rule of the common law, we need not stop to inquire, for the reason that an objection will not afterwards avail the party raising it, unless it states the grounds upon which it is based, and points out clearly the errors complained of, in order that the court may be given an opportunity to correct them. 8 Enc. Pl. & Pr. p. 163.

In the case of *Thaw* v. *Ritchie,* 5 Mackey, 228, the court said: "The last bill of exceptions is peculiar. It shows that two instructions were asked on behalf of the defendant, both of which were granted against the plaintiff's objection, and at the same time the justice stated that there was no substantial disagreement between the parties as to the facts, and that he held that the plaintiff could not prevail against the title which the defendant furnished, and instructed the jury to find for the defendant, *to which the plaintiff excepted.* It does not appear whether the exception was to the granting of the instructions prayed, or to the statement that there was no disagreement as to the facts, or the instruction that the plaintiff could not prevail against the title furnished by the defendant, or the final peremptory instruction to find for the defendant. We are not bound to notice this exception, and there is less occasion for it,

because after the previous ruling below, which we have sustained, it could do no harm if technically erroneous." See also *Langdon* v. *Evans,* 3 Mackey, 1; *Curéton* v. *Dargan,* 16 S. C. 619; *Pennsylvania Co.* v. *Horton,* 132 Ind. 189, 31 N. E. 45; *Springfield F. & M. Ins. Co.* v. *Sea,* 21 Wall. 162, 22 L. ed. 511; *Herman* v. *Jeffries,* 4 Mont. 513, 1 Pac. 11.

Appellant contends for a strict enforcement of the technical rules of common-law pleading, and he must, therefore, show that he has omitted nothing in laying the foundation for his contention. The ruling upon which this assignment of error is based, and to which a general exception only was noted, granted the appellee leave "to plead to the merits within twenty-four hours, upon the payment of all costs to date in this cause." Whether the exception was to the substance of the ruling, or to the time given within which to plead over, or to the terms imposed, does not appear. Neither are we able to say, from what followed, that the exception related to the substance of the ruling, as no motion was made for judgment, and there was joinder of issue on the pleas subsequently filed, and an actual trial before a jury, all of which would tend rather to negative the idea that the exception was to the substance, and not the form and conditions, of the court's ruling.

The attention of the court should have been specifically directed to the point now made, at the time leave was given to plead to the merits, and before appellant joined issue and went to trial on the merits. Under his present view of the case, appellant, by joining issue on the merits, caused the court to go through an idle ceremony when a jury trial was had to determine that issue. This demonstrates the importance and necessity of seasonably directing the court's attention to the specific objection raised, in order that an opportunity may be given the court to rule thereon. The appellant in this case contended himself with making a general objection, did not move for judgment, and did not complain further, until a jury after a trial on the merits, in which he had participated, found against him.

Without stopping to inquire whether the acts of appellant subsequent to the ruling of the court, permitting appellee to plead to the merits, constituted a waiver of his objection to the ruling, we hold that the objection was too general to raise the question contained in this assigment of errror, and therefore affirm the judgment, with costs.                    *Affirmed.*